# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## ERIC C. PENDLETON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 87-S-777**

---

**No. M2010-01494-CCA-R3-HC - Filed May 10, 2011**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Eric C. Pendleton, has appealed the trial court's order dismissing his petition for writ of habeas corpus in which Petitioner alleged that the indictments upon which he was convicted were void for failing to name all the essential elements of the crimes. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Eric D. Pendleton, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner is no stranger to the judicial process. This case presents an extensive procedural posture starting with Petitioner's convictions for first degree murder and aggravated assault in 1987, for which he received an effective life sentence. *State v. Eric Cordell Pendleton*, No. 87-189-III, 1988 WL 99743, at *1 (Tenn. Crim. App., at Nashville, Sept. 28, 1988), *perm. app. denied*, (Tenn. Dec. 27, 1988). Petitioner's convictions were affirmed on appeal, and the supreme court denied permission to appeal. *Id.*

Subsequently, Petitioner sought post-conviction relief for the first time on May 24, 1989, alleging ineffective assistance of counsel. His petition was denied by the post-conviction court. The denial of relief was upheld by this Court on appeal. *Eric Pendleton v. State*, No. 01C019001CR00008, 1990 WL 109112 (Tenn. Crim. App., at Nashville, Aug. 3, 1990), *perm. app. denied*, (Tenn. Nov. 13, 1990).

Petitioner filed a second petition for post-conviction relief on September 24, 1991, in which he argued that the trial court erred by denying him an evidentiary hearing and delayed appeal regarding issues appellate counsel failed to raise. *See Eric Pendleton v. State*, No. 01C01-9305-CR-00149, 1994 WL 142301, at *1 (Tenn. Crim. App., at Nashville, Apr. 21, 1994), *perm. app. denied*, (Tenn. Nov. 6, 1995), *reh'g granted*, (Tenn. Feb. 5, 1996). Specifically, he complained that the trial court failed to give him an opportunity to prove that he did not waive the issues in the first post-conviction proceeding. This Court remanded the matter to the trial court for a hearing regarding waiver. *Id.* After a hearing, the trial court again dismissed the petition. Petitioner again sought an appeal. The dismissal of the second petition for post-conviction relief was affirmed. *Eric Pendleton v. State*, No. 01C01-9305-CR-00149, 1996 WL 134214 (Tenn. Crim. App., at Nashville, Mar. 22, 1996), *perm. app. denied*, (Tenn. Oct. 21, 1996). This Court determined that under *House v. State*, 911 S.W.2d 705 (Tenn. 1995), Petitioner's allegations did not "provide justification for his failure to present these issues in his previous post-conviction cases." *Eric Pendleton v. State*, 1996 WL 134214, at *2.

While the second petition for post-conviction relief was on appeal, Petitioner sought habeas corpus relief. The trial court treated the petition as a petition for post-conviction relief and found it time-barred. This Court affirmed the dismissal on appeal. *Eric C. Pendleton v. State*, No. 01C01-9604-CR-00158, 1997 WL 59501 (Tenn. Crim. App., at Nashville, Feb. 13, 1997), *perm. app. denied*, (Tenn. Oct. 13, 1997).

Petitioner also filed a petition for writ of error coram nobis in 2003, which was denied by the trial court. The denial of relief was affirmed on appeal. *State v. Eric C. Pendleton*, No. M2003-01762-CCA-R3-CD, 2004 WL 1144040 (Tenn. Crim. App., at Nashville, May 20, 2004), *reh'g denied*, (Tenn. Crim. App. June 25, 2004), *perm. app. denied*, (Tenn. Nov. 8, 2004), *reh'g denied*, (Tenn. Dec. 20, 2004).

On February 22, 2010, Petitioner filed his second writ of habeas corpus, the subject of the appeal herein. The trial court determined that Petitioner did not present a proper ground for obtaining habeas corpus relief and denied the petition for relief. Petitioner sought a timely appeal from the denial of relief.

*Analysis*

-2-

Petitioner claims that he is being held illegally and is entitled to habeas corpus relief because the indictments against him were constitutionally defective. Specifically, he claims the indictments failed to allege all the elements of the crimes charged. As a result of the deficiencies, Petitioner suggests that his convictions and sentences are void. The State disagrees.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Although in most instances a challenge to the sufficiency of an indictment is not a proper claim to raise in a habeas corpus proceeding, *see Haggard v. State*, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971), "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). An indictment meets constitutional requirements if it provides sufficient information: (1) to enable the accused to know the accusation to which an answer is required, (2) to furnish the court an adequate basis for the entry of a proper judgment; and (3) to protect the accused from double jeopardy. *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In addition, an indictment must state the facts of the offense in ordinary and concise language "in a manner so as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202.

The trial court herein determined that the indictments, even if faulty, would render the judgments voidable, not void. The indictment in Count One stated that Petitioner and a co-defendant:

> [W]ith force and arms, in the County aforesaid, unlawfully, feloniously, willfully, deliberately, premeditatedly and maliciously, did make an assault upon the body of one Don Thomas Moore and the said [Petitioner and co-defendant] then and there did unlawfully, feloniously, willfully, deliberately, premeditatedly, and of their malice aforethought, kill and murder the said Don Thomas Moore against the peace and dignity of the State of Tennessee.

The indictment in Count Two stated that Petitioner and a co-defendant:

> [W]ith force and arms, in the County aforesaid, unlawfully, and feloniously did attempt to cause or willfully or knowingly cause[d] bodily injury to Mamie Williams with a deadly weapon and to wit a pistol and did thereby commit the crime and felony of aggravated assault in violation of section 39-2-101 Tennessee Code Annotated and against the peace and dignity of the State of Tennessee.

The language of the indictments closely tracks the language of the statutes that were in effect at the time of Petitioner's crimes. *See* T.C.A. § 39-2-201 (1986); T.C.A. § 39-2-101 (1986). Having reviewed the indictments contained in the record on appeal, we cannot conclude that the trial court erred in its assessment that the indictments were sufficient and that Petitioner has failed to demonstrate that he is entitled to habeas corpus relief by failing to show that the judgments are void. Petitioner is not entitled to relief on this issue.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20.  We affirm the judgment of the trial court.

_____

JERRY L. SMITH, JUDGE